# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Zoltek Corporation,

    Plaintiff,

v.

Lockheed Martin Corporation,

    Defendant.

CIVIL ACTION NO.
1:09-cv-00096-JOF

## OPINION & ORDER

This matter is before the court on the United States' motion to intervene [14] and the United States' motion to supplement [23].

In 1996, Plaintiff Zoltek filed suit in the Court of Federal Claims under 28 U.S.C. § 1498(a), alleging that the United States and Defendant Lockheed infringed on a patent owned by Zoltek. Section 1498(a) provides that:

> Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the United States Court of Federal Claims for the recovery of his reasonable and entire compensation for such use and manufacture.

According to the United States, § 1498(a) acts both as a limited waiver of sovereign immunity by granting a remedy that may be sought against the government and as an

affirmative defense that may be raised by a government contractor in litigation to which the government is not a party. Docket Entry [14-2], at 11. In the Court of Federal Claims, the United States moved for summary judgment on Zoltek's claim against it, and the Court of Federal Claims certified two issues for interlocutory review, one of which is relevant to the present case. The Court of Appeals for the Federal Circuit held that the United States had no liability under § 1498(a) because not all steps of the patented process were performed in the United States. *Zoltek Corp. v. United States*, 442 F.3d 1345, 1350 (Fed. Cir. 2006). The Federal Circuit remanded the case to the Court of Federal Claims "for further proceedings consistent with [its] opinion." *Id*. at 1353.

After that decision, Zoltek filed a motion for transfer, seeking to transfer a portion of the case to the Northern District of Georgia. On January 16, 2009, the Court of Federal Claims granted Zoltek leave to file an amended complaint that would assert a claim against Lockheed over which the Northern District of Georgia would have jurisdiction, but the complaint had to comply with the principles discussed in the court's opinion. In deciding the motion to transfer, the Court of Federal claims held that "when an infringement claim arises in a foreign country, § 1498(c) must be construed to nullify the contractor immunity provision of § 1498(a)." D.E. 21-4, Exhibit 2. The Court of Federal Claims concluded that the Northern District of Georgia would have jurisdiction over a private patent infringement suit brought by Zoltek against Lockheed under 35 U.S.C.§ 271. On February 18, 2009, the

Court of Federal Claims found that the amended complaint submitted by Zoltek was adequately consistent with the court's previous opinion and granted Zoltek's motion to transfer pursuant to 28 U.S.C. § 1631.

On March 13, 2009, Lockheed moved to amend the Court of Federal Claims' February 18, 2009 order, and also to certify an issue for interlocutory appeal. That issue was "whether when a patent infringement claim 'aris[es] in a foreign country,' 28 U.S.C. § 1498(c) must be construed to nullify the Government contractor immunity provided by § 1498(a)." D.E. [12], Exhibit 1. The Court of Federal Claims issued an order staying the transfer of Zoltek's amended complaint to the Northern District of Georgia pending resolution of Lockheed Martin's motion for interlocutory appeal. On May 14, 2009, the Court of Federal Claims granted the motion to certify and Lockheed filed its petition to permit interlocutory appeal with the Court of Appeals for the Federal Circuit on May 28, 2009. The petition was granted and the appeal was docketed on September 30, 2009.

On January 13, 2009, prior to the Court of Federal Claims' original order transferring Plaintiff's amended complaint, Plaintiff Zoltek filed a complaint with this court. *See Zoltek Corp. v. Lockheed Martin Corp.*, Civil Case No. 1:09-cv-00096-JOF. The complaint alleges patent infringement under 35 U.S.C. § 271, and the claim seems to arise out of the same patent and/or same facts as that litigation that is currently before the Court of Federal Claims. This court has stayed the present litigation indefinitely, awaiting resolution of the

3

AO 72A
(Rev.8/82)

pending interlocutory appeal before the Court of Appeals for the Federal Circuit. The Federal Circuit's decision regarding the application of § 1498(a) to Lockheed certainly affects the outcome of the present case.

The United States moved to intervene in the present litigation on March 20, 2009, prior to the Court of Federal Claims granting Lockheed's motion to certify the § 1498 issue for interlocutory appeal. The United States' motion to intervene is based substantially on its "interest in ensuring that 28 U.S.C. § 1498 is interpreted and applied consistent with its underlying function . . . ." D.E. [14], 9. In opposing the government's motion, Zoltek argues that § 1498(a) has no application to the present litigation because (1) the Court of Federal Appeals already held that it did not apply to the United States and (2) the Court of Federal Claims held that § 1498(a) also did not apply to Lockheed. However, (2) is the exact issue being appealed before the Federal Circuit and that pending appeal is why the court stayed the present litigation. The outcome of the appeal, no matter what it is, will likely affect the present litigation, including the United States' motion to intervene. The court does not find it prudent at this point to decide the United States' motion to intervene prior to the decision by the Court of Federal Appeals. Therefore, the motion to intervene and the subsequent and related motion to supplement are DENIED WITH LEAVE TO RENEW. The government may renew its motion after the stay in this case is lifted.

AO 72A
(Rev.8/82)

**IT IS SO ORDERED** this 22nd day of March 2010.


                                                                                  __/s   J. Owen Forrester__
                                                                                   J. OWEN FORRESTER
                                          SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)